# UNITED STATES EX REL. NEWMAN ET AL. *v.* CITY & SUBURBAN RAILWAY OF WASHINGTON.

STREET RAILWAYS; EMINENT DOMAIN; LIMITATON; MANDAMUS.

1. No power to condemn land in the District of Columbia, which it is authorized to occupy provided it shall dedicate the land to the District for use as a street, subject to its right to operate its road thereon, exists in a street railway company after the expiration of the period to which its right to institute condemnation proccedings is expressly limited by charter; and after the expiration of such period mandamus will not lie, at the instance of the municipal authorities, to compel the railroad to so condemn and dedicate such land, although delay in so doing is imputable to the railway company.

2. Mandamus will not issue to compel the performance of a legal impossibility, such as the condemnation of land by a street railway company whose right of condemnation has determined by express limitation.

No. 2726. Submitted October 6, 1914. Decided November 2, 1914.

HEARING on an appeal by the relators from a judgment of the Supreme Court of the District of Columbia dismissing their petition for a writ of mandamus to compel the respondent to condemn land for a street extension. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal is from a judgment of the supreme court of the District of Columbia dismissing the petition of Oliver P. Newman, Frederick L. Siddons, and Chester Harding, the Commissioners of the District, relators, for a writ of mandamus to compel the City & Suburban Railway Company to acquire and dedicate the land necessary for the extension of Rhode Island avenue to the District line.

It appears that by act of Congress of August 1, 1892 (27 Stat. at L. 341, chap. 353), the Maryland & Washington Rail-

way Company was incorporated and authorized to construct a line of railway along Rhode Island avenue to its intersection with the northeast boundary line of the District of Columbia. Sec. 24 of the act provided: "That in the event that the company should not be able to come to an agreement with the owner or owners of any land through which the said road may be located to pass, proceedings for the condemnation for the use of the company of so much of said land as may be required, not exceeding 50 feet in width, with necessary slopes, and 130 feet in width in the line of Rhode Island avenue extended, may be instituted in the usual way in the supreme court of the District of Columbia, under such rules and regulations as said court may prescribe for such purposes: *Provided,* That the extension of Rhode Island avenue herein authorized, whether acquired by condemnation or otherwise, shall be dedicated to the public use in the same manner and subject to the same regulations and control that apply to other streets and avenues in the District of Columbia occupied by street railways."

By act of Congress of March 2, 1895 (28 Stat. at L. 713, chap. 166), sec. 24 was amended to read as follows: "That in the event that Rhode Island avenue shall not have been extended, and said company shall not be able to come to an agreement with the owner or owners of any land through which the said road may be located to pass for the purchase or dedication of so much land as may be necessary for the opening of Rhode Island avenue, then the said company may institute proceedings for the condemnation of so much land as may be required for the extension of the aforesaid avenue: *Provided,* That the strip of land so to be acquired by condemnation shall be 130 feet in width, and shall be located according to the official plats for the extension of Rhode Island avenue: *And provided further,* That all the land within the lines of the proposed extension of Rhode Island avenue which shall be acquired by said Maryland & Washington Railway Company, either by purchase or by condemnation, shall, by appropriate conveyance, be dedicated, before tracks are laid therein, by said Maryland & Washington Railway Company, as an extension of Rhode Island avenue to

the extent of the land so acquired." Sec. 3 of the same act provided that the building of the railway should be commenced within six months, and completed within one year from the approval of the act.

Under a subsequent act of Congress, the Maryland & Washington Railway Company was authorized to convey its property and franchises to the Eckington & Soldiers Home Railway. The Eckington Company acquired the property, and, by authority conferred by the act, changed its name to City & Suburban Railway Company of Washington, respondents in this action.

By act of Congress of February 20, 1896 (29 Stat. at L. 11, chap. 27), the railway company was granted an extension of one year within which to complete its road. Sec. 6 of the act of Congress approved June 27, 1898 (30 Stat. at L. 490, chap. 499), placed the following limitation upon the power of the railroad company to institute condemnation proceedings: "That the power to institute condemnation proceedings conferred upon the Maryland & Washington Railway Company by sec. 24 of the joint resolution entitled 'A joint resolution to extend the charter of the Maryland and Washington Railway Company,' approved August 23d, 1894, be, and the same is hereby, continued in force one year from the passage of this act."

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. James Francis Smith,* Assistant, for the appellants:

1. The provisions of its charter requiring the railway company to acquire by purchase or condemnation the land necessary for the extension of Rhode Island avenue at its full width were mandatory. McQuillin, Mun. Corp. § 1766; *People* v. *Suburban R. Co.* 178 Ill. 594; *Camden* v. *Public Service R. Co.* 82 Atl. 607; *Seymour Water Co.* v. *Seymour,* 163 Ind. 120; *State ex rel.* v. *New Orleans Gaslight Co.* 108 La. 67; *State* v. *Marion Light & Heating Co.* 174 Ind. 622; *Grosse Pointe* v. *Detroit & L. Street R. Co.* 130 Mich. 363; Sutherland Stat. Constr. § 640; Shortt, Extraordinary Legal Remedies, § 2254; *Public School Comrs.* v. *Allegany County,* 20 Md. 449; *Canal Comrs.*

v. *Sanitary Dist.* 184 Ill. 597, 604; *Kennelly* v. *Jersey City,* 57 N. J. L. 293, 297.

2. The extension of time within which condemnation proceedings might be instituted by the company does not relieve it from the obligation to acquire the land after the expiration of the time of extension. *People ex rel. Green* v. *D. & C. R. R. Co.* 58 N. Y. 152–163.

*Mr. J. J. Darlington* and *Mr. George P. Hoover,* for the appellee:

1. The intention of Congress was to confer privilege upon the railway, and not obligation. *United States* v. *Thoman,* 156 U. S. 353, 359.

2. Mandamus should not issue, because the appellee is without legal authority to now acquire the land.

*Mr.* Justice VAN ORSDEL delivered the opinion of the Court:

This appeal can be disposed of by a brief consideration of the single question of the limitation placed upon the right of respondent company to institute condemnation proceedings. In this District there is no general railway law authorizing railroad companies to construct railway lines. The right of condemnation depends upon special authority conferred in the charter of each company. In this instance, an express limitation was placed upon the power of the railway company to institute the condemnation proceedings originally conferred upon its predecessors, the Maryland & Washington Railway Company, of one year from June 27, 1898. No authority existed after the expiration of this limitation, whereby the railway company could invoke the aid of the court in acquiring the lands in question. In the absence of such express authority, the writ here sought, if issued, would be a nullity. It is of no concern that delay may be imputed to the railway company, since the duty sought to be imposed has been made by act of Congress impossible of performance. The writ of mandamus will not issue to

compel the performance of that which cannot be legally accomplished.   The judgment is affirmed, with costs.   *Affirmed.*